D/F

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JUN 23 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
PIALI, and DENISE RICHARDSON, *Trustees and
Fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation and Sick Leave
Trust Funds*,

                Plaintiffs,

-against-

DANIELLE RIGGING, INC.,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

09-CV-2124 (NGG) (ALC)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs, the trustees and plan sponsor of employee benefit plans of members of Teamsters Union Local 282 (the "Trustees"), bring this action against Danielle Rigging, Inc. ("Danielle Rigging") to enforce a September 12, 2005 judgment obtained against Danielle Rigging's alleged predecessor, stemming from the predecessor's violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. (Compl. (Docket Entry # 1).) The Trustees move, and Danielle Rigging cross-moves, for summary judgment under Federal Rule of Civil Procedure 56. (Pls.' Mot. (Docket Entry # 13); Def.'s Mot. (Docket Entry # 20).) For the reasons set forth below, both parties' motions are denied, and the case is dismissed for lack of subject matter jurisdiction.

I. **LEGAL STANDARD**

It is axiomatic that federal courts are powerless to act unless they have subject matter jurisdiction over the cause of action. "Unlike failure of personal jurisdiction, failure of subject

1

matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). In assessing the court's subject matter jurisdiction, the court must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citation omitted), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir.2003) (citation omitted).

## II. BACKGROUND

Teamsters Union Local 282 ("Local 282") is a "New York City & Long Island based local union dedicated in providing union representation and fund benefits to a wide range of industry workers." Teamsters Union Local 282, http://www.teamsterslocal282.com (last visited June 22, 2011). The Trustees are the fiduciaries of Local 282's welfare, pension, annuity, job training, and vacation and sick leave funds. (See Pls.' Rule 56 Statement (Docket Entry # 14) ¶ 5.) On August 12, 2003, the Trustees filed a complaint against Durso Transportation Corp., J.M.J. Durso, Inc., Durso Services, Inc., Durso & Sons, and John Durso (collectively, the "Durso Defendants") in the U.S. District Court for the Southern District of New York (the "Southern District action"), alleging various violations of ERISA.[1] Compl., LaBarbera v. Durso Transp. Corp., 03-cv-6060 (WCC) (S.D.N.Y. Aug. 12, 2003). On September 12, 2005, that court ordered a consent judgment where the Durso Defendants agreed to be held liable to the Trustees for violations of ERISA and to pay $1,314,000 in damages. Order, LaBarbera v. Durso Transp. Corp., 03-CV-6060 (WCC) (S.D.N.Y. Sept. 12, 2005); (Pls.' Rule 56.1 Statement ¶ 12). On May 19, 2009, the Trustees brought the instant Complaint in an effort to enforce the judgment

---

[1] Although some of the individually named Trustees in the Southern District action differ from Plaintiffs here, it appears that the Trustees in the Southern District action operated in the same capacity—that as, as fiduciary trustees for various funds of Local 282—as the Trustees in this action.

2

entered in the Southern District action against Danielle Rigging, alleging that Danielle Rigging is a successor to and shares common ownership with the Durso Defendants. (Compl. ¶¶ 24-25.) The Trustees do not allege that Danielle Rigging—rather than the Durso Defendants—has engaged in any violations of ERISA. Rather, the Trustees simply seek to enforce the judgment obtained against the Durso Defendants against Danielle Rigging under a theory of successor liability.[2] (Id. ¶¶ 36-37.)

## III. DISCUSSION

In Peacock v. Thomas, 516 U.S. 349, 353 (1996), the Supreme Court held that it lacked jurisdiction to enforce a prior federal judgment predicated on ERISA violations against a third party because there was not "any provision of ERISA that provides for imposing liability for an extant ERISA judgment against a third party." The Court further noted that the plaintiff's

> veil-piercing claim does not state a cause of action under ERISA and cannot independently support federal jurisdiction. Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, [the plaintiff] could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan.

Id. at 353-54. The Court also rejected the notion that the "subsequent suit arose under § 502(a)(3) of ERISA, which authorizes civil actions for 'appropriate equitable relief' to redress violations of ERISA or the terms of an ERISA plan [because the] complaint in [the subsequent] lawsuit alleged no violation of ERISA or of the plan." Id. at 353.

The instant case falls well within the ambit of Peacock. Like the plaintiff in Peacock, the Trustees previously obtained a federal judgment stemming from ERISA violations, here, the September 12, 2005 judgment in the Southern District action against the Durso Defendants for noncontribution. Compl., LaBarbera v. Durso Transp. Corp., 03-CV-6060 (WCC) (S.D.N.Y.

---

[2] The Trustees memorandum of law also argues that Danielle Rigging is liable under an "alter ego" theory. (Pls.' Mem. (Docket Entry # 17) at 8-12.) To the extent these two theories are distinguishable, this argument does not alter the court's analysis that it lacks subject matter jurisdiction.

3

Aug. 12, 2003). Like the plaintiff in Peacock, the Trustees now seek to enforce that judgment against a third-party, here, against Danielle Rigging. (Compl. ¶¶ 36-37.) Like the plaintiff in Peacock, the Trustees seek to pin its previous judgment on the third party under a corporate identity theory, here, that Danielle Rigging is the successor or alter ego of the Durso Defendants.[3] (Id.) Like the plaintiff in Peacock, the Trustees do not allege that the third party committed any independent violation of ERISA. And, therefore, like the plaintiff in Peacock, the Trustee's action must be dismissed for lack of subject matter jurisdiction.[4]

In a letter addressed to the court after the filing of the parties' fully briefed motions, the Trustees attempt to distinguish the instant case from LaBarbera v. United Crane & Rigging Servs., Inc., Nos. 08-CV-3274 (DLI) (ALC), 08-CV-3983 (DLI) (ALC), 2011 WL 1303146, at *9-13 (E.D.N.Y. Mar. 2, 2009), which dismissed a remarkably similar case on Peacock grounds. (Docket Entry # 27.)[5] The Trustees argue that, unlike the case in LaBarbera, the third party's business did not overlap in time with the alleged predecessor. (Id. at 2.) But this is beside the point; regardless of any overlap in time between Danielle Rigging and the Durso Defendants, the Trustees have alleged absolutely nothing to suggest that Danielle Rigging independently violated any provision of ERISA. See Peacock, 516 U.S. at 354 ("[Plaintiff's] could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan."). Accordingly, both parties' motions are denied and the court concludes that it lacks subject matter jurisdiction over the instant action.

---

[3] The Second Circuit has equated alter ego and veil-piercing claims for ERISA violations in light of Peacock. Epperson v. Entm't Express, Inc., 242 F.3d 100, 106 (2d Cir. 2001).

[4] The court would also lack subject matter jurisdiction under a diversity theory because both the Trustees and Danielle Rigging are citizens of New York. (See Compl. ¶¶ 6, 8); 28 U.S.C. § 1332(a).

[5] The court notes that the New York Rules of Professional Conduct require lawyers to inform the court of adverse, controlling legal authority. N.Y. R. Prof.'l Conduct 3.3(a)(2). Plaintiffs' counsel's citation to LaBarbera on the second page of its letter, while wholly failing to mention Peacock, violates the spirit if not the letter of the Rules of Professional Conduct.

4

## IV. CONCLUSION

Plaintiffs' and Defendant's motions for summary judgment are DENIED. The action is DISMISSED for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     June 22, 2011

NICHOLAS G. GARAUFIS
United States District Judge